Opinion by
Flood, J.,
Claimants, who were employes of the appellant steel company, were laid off because of a strike on a *428 railroad which is wholly owned by the steel company and, as a common carrier, serves the plants where the claimants worked and other plants not owned by the steel company. The employer appeals from the decision of the Unemployment Compensation Board of Review in favor of the claimants.
The board found that the claimants had no dispute with their employer and did not participate in the strike or institute a work stoppage. It further found that claimants were not employed by the employer who was engaged in the labor dispute and concluded that their unemployment was not due to a labor dispute at the factory, establishment or premises at which they were employed within the meaning of §402(d) of the Unemployment Compensation Law. This is in accord with what we decided in Yevcak Unemployment Compensation Case, 176 Pa. Superior Ct. 69, 106 A. 2d 919 (1954), and the board’s decision must be affirmed.
The Unemployment Compensation Act of December 5,1936, P. L. (1937) 2897, §402(d), as amended, 43 PS §802(d), makes a claimant ineligible for compensation if his unemployment is due to a stoppage of work, which exists because of a labor dispute (other than a lock-out) at the factory, establishment or other premises at which he is or was last employed.[1]
*429 In Yevcak Unemployment Compensation Case, supra, we decided that a labor dispute between another employer and his employes was not a dispute at the factory, establishment or other premises at which claimants were employed and that the relation of employer-employe must exist between claimants’ employer and the strikers to bring the disqualifying clause into operation. In that case the claimants’ employer and the strikers’ employer had their places of business at different levels of the same mining property. The claimants’ employer owned the property and was engaged in deep mining and the strikers’ employer carried on a strip-mining operation at the surface under lease from the owner. The operations of the two were so integrated that the strike at the strip mine resulted in a cessation of the deep mine operations because it was economically impractical to operate it while the former was not producing.
Thus in view of the Yevcak opinion, the board properly rested its decision here upon the fact that the “claimants were not employed by the employer engaged in the labor dispute” since this alone requires the conclusion that there was no labor dispute at the plants where the claimants worked.
Since our decision in Yevcak, §402 of the Unemployment Compensation Act has been twice amended, but the legislature has not seen fit to modify subsection (d) in any way.
The fact that the railroad is a wholly owned subsidiary of the steel company does not change the situation. The railroad is a common carrier and services rendered by it to the steel plants were rendered as an independent contractor not as an agent. Its employes were not employes of the steel company.
*430 .. The appellant stresses the fact that 116 railroad employes, who were involved in the dispute worked in its plants. Since, they were employes of another employer, this, does not .take the case out of the Yevcak rule.. That 116 railroad employes performed duties for the. railroad in. the several plants where 15,000 steelworkers were employed by the appellant is without significance. They were still working on the railroad, even though they were working on, or in connection with, the railroad’s facilities which physically extended into the appellant’s plants. An opposite conclusion would compel us to hold that a railroad strike makes ineligible the employes thrown out of work at every plant in which the railroad maintains facilities. To hold that the disqualification in §402(d) goes so far is to carry it beyond its obvious intent. In view of our holding in Yevcak, §402(d) should not be so interpreted. See also Ford Motor Co. v. Unemployment Compensation Board, 168 Pa. Superior Ct. 446, 79 A. 2d 121 (1951) in .which it was held that the claimants, who were employes at the Ford plant at Chester, Pennsylvania, were, not disqualified by a strike at their employer’s . plant at Dearborn, Michigan, which caused the Chester plant to close for lack of supplies.
Finally, the' appellant stresses that the claimants and the strikers are members of the same international union. This, however, is relevant only under the proviso to §402(d) of the act limiting the effect of the ineligibility clause: This , question does not arise until it is found that there is a labor dispute at the plant where the claimants. were employed, i.e., that the strikers were fellow-employees of the claimants, working for,- the same employer. This is not the case here.
Decision affirmed.

 An employe shall be ineligible for compensation for any week—
(d) In which his unemployment is due to a stoppage of work, which.exists because of a labor dispute (other than a lock-out) at the. factory, establishment or other premises at which he is or was last employed: Provided, That this subsection shall not apply if it is shown that (1) he is not participating in, or directly interested in, the labor dispute which caused the stoppage of work, and (2) he is not a member of an organization which is participating in, or directly interested in, the labor dispute which caused the stoppage of work, and (3) he does not belong to a grade or class of workers of which, immediately before the commencement of the stoppage, there were members employed at the premises at *429 which the stoppage occurs, any of whom are participating in, or directly interested in, the dispute.