Stanley J. Pinkas, Sr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 5, 1979, before Judges WILKINSON, JR., BLATT and CRAIG, sitting as a panel of three.

*Bruce E. McKenrick,* with him *Blair V. Pawlowski,* for petitioner.

*Elsa Newman,* Assistant Attorney General, with her *John T. Kupchinsky,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, February 29, 1980:

This is an appeal from an order of the Unemployment Compensation Board of Review (Board) affirming the referee's decision which denied Stanley J. Pinkas, Sr., (claimant) unemployment compensation benefits. The Board found him ineligible under Section 402(d) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, 43 P.S. §802(d), because his discharge resulted from a lack of work due to a labor dispute involving his union.

The claimant was employed as a grievance board member by the United Mine Workers of America, District II (Mine Workers) and was also a member of the Mine Workers. In December of 1977, the Mine Workers instituted a nationwide work stoppage against the Bituminous Coal Operators Association and, as a direct result thereof, the claimant suffered a decrease in available work at the Mine Workers' regional office and was suspended from employment by the union. The issue presented here is solely one of law; *i.e.,* whether or not the claimant, whose unemployment was due to a work stoppage by the union of which he was both a member and an employee, but who was not a fellow employee of the actual strikers, is eligible for unemployment compensation benefits. We believe that he is.

Section 402 of the Law states in part:

An employe shall be ineligible for compensation for any week—

(d) In which his unemployment is due to a stoppage of work, which exists because of a labor dispute (other than a lock-out) at the factory, establishment or other premises at which he is or was last employed. . . .

The Superior Court faced the same issue of the interpretation of Section 402(d) in *Nelson Unemployment Compensation Case,* 202 Pa. Superior Ct. 426, 195 A.2d 891 (1963). In that case, the claimants, who were employees at a steel mill, were suspended because of lack of work due to a strike by other members of their union against a separate employer, a railroad company, which was an integral part of the mill's operation. The court held that in order to activate the disqualifying clause of Section 402(d), which requires that the unemployment be due to a dispute "at the factory, establishment or other premises at which [the claimant] is or was last employed," the claimant and the strikers must be employed by the same employer. *See Yevcak Unemployment Compensation Case,* 176 Pa. Superior Ct. 69, 106 A.2d 919 (1954). In *Nelson, supra,* the court concluded: "[T]he board properly rested its decision here upon the fact that the 'claimants were not employed by the employer engaged in the labor dispute' since this alone requires the conclusion that there was no labor dispute at the plants where the claimants worked." 202 Pa. Superior Ct. at 429, 195 A.2d at 892. Clearly, the claimant in the present case was not working for the same employer as the strikers, and his suspension was not, therefore, due to a labor dispute at the premises of his employer.

The Board further argues that to allow the claimant to receive benefits here will permit labor unions to offset the effect to their employees of the unions' labor-management decisions, while the rank-and-file members must face the consequences of a labor dispute without any such financial cushion. We will not

undertake such a policy consideration because we believe that to do so would be an improper usurpation of the legislative function.

We must accordingly reverse the order of the Board.

### Order

And Now, this 29th day of February, 1980, the order of the Unemployment Compensation Board of Review in the above-captioned case is hereby reversed and remanded for the computation of benefits due to Stanley J. Pinkas, Sr.

This decision was reached prior to the death of President Judge Bowman.

Judge DiSalle did not participate in the decision in this case.