Richard A. Tronzo, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Thomas J. Keefe, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Paul Bobak, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 10, 1984, before Judges WILLIAMS, JR., BARRY and BLATT, sitting as a panel of three.

Robert Bilonick, with him, Blair, Pawlowski, Pawlowski, Long, Creany & Tulowitzki, for petitioners.

Richard F. Faux, Associate Counsel, with him, Richard L. Cole, Jr., Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., November 5, 1984:

Richard A. Tronzo, Thomas J. Keefe and Paul Bobak (claimants) appeal the orders of the Unemployment Compensation Board of Review, which affirmed a referee's decision denying benefits under Section 402(d) of the Unemployment Compensation Law (Law),[1] the labor dispute disqualification provision.

Claimants, who belong to Local 1368 of the United Mine Workers of America (Union), are employed full-time as production workers by Bethlehem Mines (Bethlehem) and part-time as health and safety committeemen by the Union. Their paid union duties include periodic safety inspections of the mines and grievance processing. When the national collective bargaining agreement expired on March 27, 1981, claimants' local struck Bethlehem. A few days later, the Union laid off claimants because of lack of work which resulted from the work stoppage at Bethlehem. Claimants applied for, but were denied, unemployment benefits for the period in which they were laid off by their Union employer.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(d).

Section 402(d) of the Law disqualifies a claimant if "his unemployment is due to a stoppage of work, which exists because of a labor dispute (other than a lock-out) at the factory, establishment or other premises at which he is or was last employed." In *Pinkas v. Unemployment Compensation Board of Review*, 49 Pa. Commonwealth Ct. 510, 411 A.2d 845 (1980), which is similar to the instant case, we held that a claimant, who was laid off by his union employer because of a decreasing workload occasioned by his union's national work stoppage, is eligible for benefits. We reversed the board's Section 402(d) disqualification of claimant, a union grievance board member who was not a fellow employe of the strikers, because his unemployment did not result from a work stoppage precipitated by a labor dispute with his union employer. Since claimant's unemployment arose from a lack of work caused by his union's strike against another employer and not by a labor dispute at the premises of his union employer, compensation was awarded. *Id.*

Unlike the claimant in *Pinkas*, however, claimants here are fellow employes of the striking workers. Claimants, therefore, are employed by both Bethlehem and their Union local. While disqualified from receiving benefits under Section 402(d) for unemployment that resulted from the labor dispute at Bethlehem, claimants are not similarly disqualified from receiving benefits for unemployment that was created by the decreasing work load at their Union local. Absent proof that claimants' unemployment resulted from a work stoppage occasioned by a labor dispute with their Union employer, the board erred in disqualifying claimants under Section 402(d).

We accordingly reverse the orders of the Board.

72

■■■■■■■■■■■■■■■■

ORDER IN 2880 C.D. 1981

AND Now, this 5th day of November, 1984, the order of the Unemployment Compensation Board of Review at Decision No. B-200972, dated November 9, 1981, is reversed.

ORDER IN 2881 C.D. 1981

AND Now, this 5th day of November, 1984, the order of the Unemployment Compensation Board of Review at Decision No. B-200973, dated November 9, 1981, is reversed.

ORDER IN 2882 C.D. 1981

AND Now, this 5th day of November, 1984, the order of the Unemployment Compensation Board of Review at Decision No. B-200974, dated November 9, 1981, is reversed.